# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### November 1, 2011 Session

## STATE OF TENNESSEE v. KEITH SALES

### Appeal from the Criminal Court for Shelby County
### No. 08-07884    Chris Craft, Judge

---

### No.  W2011-00374-CCA-R3-CD  - Filed October 17, 2012

---

Appellant, Keith Sales, was indicted by the Shelby County Grand Jury for two counts of possession of 26 grams or more of cocaine with intent to sell, two counts of possession of Alprazolam with intent to sell, and one count of possession of a handgun as a convicted felon.  Appellant's arrest was as the result of the execution of a search warrant based upon information provided by a confidential informant.  Appellant filed a motion to suppress the evidence seized as a result of the search.  The trial court denied the motion to suppress, and Appellant pled guilty reserving a certified question for appeal challenging the trial court's denial of his motion to suppress.  Appellant pled guilty in a negotiated plea agreement to one count each of possession of 5 grams or more of cocaine, one count of possession of Alprazolam, and one count of possession of a handgun as a convicted felon.  He received an effective nine-year sentence.  On appeal, Appellant argues that the information set out in the affidavit does not meet the two prong test set out in *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed.2d 637 (1969) and *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed.2d 723 (1964), ("*Aguilar-Spinelli*"), as adopted in *State v. Jacumin*, concerning the proof of the reliability of a confidential informant.  We have reviewed the record on appeal, and conclude that the information supplied in the affidavit meets the *Aguilar-Spinelli/Jacumin* test.  Therefore, we affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court are Affirmed.

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

Blake D. Ballin, Memphis, Tennessee, for the appellant, Keith Sales.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Chris Scruggs, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

On October 4, 2008, detectives with the Shelby County Sheriff's Office applied for a search warrant. One of the detectives attached an affidavit stating that he was relying upon information given to him by a confidential informant. In his affidavit, the officer stated that the informant "has given information in the past in regards to narcotics trafficking resulting in several seizures of cocaine and marijuana, which has resulted in several felony narcotics arrest[s] for cocaine and marijuana."

The search warranted was granted. During the execution of the search warrant, the officers found 8.4 grams of marijuana, over 40 grams of cocaine, 9 and a half Xanax bars, scales, a .357 magnum, and a great deal of cash. The Shelby County Grand Jury indicted Appellant for possession of 26 grams or more of cocaine with intent to sell, possession of Alprazolam with intent to sell, and possession of a handgun as a convicted felon.

Appellant filed a motion to suppress the evidence seized during the execution of the search warrant. The trial court denied the motion in a written order. Appellant entered a negotiated guilty plea for one count of possession of 5 grams or more of cocaine with intent to sell, one count of possession of Alprazolam with intent to sell, and one count of possession of a handgun as a convicted felon. Appellant was sentenced to an effective sentence of nine years as a result of these convictions. As part of his plea, Appellant reserved a certified question of law for appeal pursuant to Rule 37(b)(2)(A) of the Tennessee Rules of Criminal

Procedure[1] for appeal to this Court.  Appellant's certified question of law on appeal is the following:

> [W]hether the Court erred in denying the Defendant's Motion to Suppress the fruits of the Search Warrant executed at 4378 Bow Street on October 24, 2008 because said warrant is facially invalid under the Tennessee and United States Constitutions based on the failure of the Affidavit in support of said Search Warrant to prove the veracity of the confidential informant.

## ANALYSIS

"This Court will uphold a trial court's findings of fact in a suppression hearing unless the evidence preponderates otherwise." *State v. Hayes*, 188 S.W.3d 505, 510 (Tenn. 2006)

---

[1] In pertinent part, Rule 37(b) of the Tennessee Rules of Criminal Procedure provides:

The defendant or the state may appeal any order or judgment in a criminal proceeding when the law provides for such appeal. The defendant may appeal from any judgment of conviction:

(1) on a plea of not guilty; or

(2) on a plea of guilty or nolo contendere, if:

(A) the defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved—with the consent of the state and of the court—the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

(i) the judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

(iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case; . . . .

(citing *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)). On appeal, "[t]he prevailing party in the trial court is afforded the 'strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence.'" *State v. Carter*, 16 S.W.3d 762, 765 (Tenn. 2000) (quoting *State v. Keith*, 978 S.W.2d 861, 864 (Tenn. 1998)). "Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *Odom*, 928 S.W.2d at 23. Our review of a trial court's application of law to the facts is de novo, with no presumption of correctness. *State v. Walton*, 41 S .W.3d 75, 81 (Tenn. 2001) (citing *State v. Crutcher*, 989 S.W.2d 295, 299 (Tenn. 1999); *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn. 1997)). When the trial court's findings of fact are based entirely on evidence that does not involve issues of witness credibility, however, appellate courts are as capable as trial courts of reviewing the evidence and drawing conclusions, and the trial court's findings of fact are subject to de novo review. *State v. Binette*, 33 S.W.3d 215, 217 (Tenn. 2000). Further, we note that "in evaluating the correctness of a trial court's ruling on a pretrial motion to suppress, appellate courts may consider the proof adduced both at the suppression hearing and at trial." *State v. Henning*, 975 S.W.2d 290, 299 (Tenn. 1998).

The trial court made the following findings in denying the motion to suppress:

> Refusing to apply a hypertechnical standard to the information supplied in the affidavit in the instant case, and applying the holding in *Lowe* (citing *Udzinski*) quoted above, this court agrees with that court that mere "information concerning the number of arrests an informant has precipitated is not necessarily indicative of reliability," and that "an affidavit which sets forth the types of evidence or contraband to which the informant's tips have led the authorities is also looked upon favorably." Given the requirement that "the affiant must provide some concrete reason why the magistrate should believe the informant," this court finds that the prior arrests coupled with the prior "several seizures of cocaine and marijuana" set out in the affidavit in the instant case provided enough support for the veracity prong in the *Aguilar-Spinelli* standard for a finding of probable cause by the neutral and detached magistrate who reviewed the affidavit and warrant, who should be given "great deference" for his or her probable cause determination. *See Jacumin* at 431-32. This court finds the affidavit sufficient.

An affidavit establishing probable cause is an indispensable prerequisite to the issuance of a search warrant. *See, e.g.*, T.C.A. § 40-6-103; Tenn. R. Crim. P. 41(c); *State v. Henning*, 975 S.W.2d 290, 294 (Tenn. 1998); *State v. Moon*, 841 S.W.2d 336, 338 (Tenn.

-4-

Crim. App. 1992). Such probable cause "must appear in the affidavit [itself] and judicial review of the existence of probable cause will not include looking to other evidence provided to or known by the issuing magistrate or possessed by the affiant." *Moon*, 841 S.W.2d at 338; *see also Henning*, 975 S.W.2d at 295. To sufficiently make a showing of probable cause, an affidavit "must set forth facts from which a reasonable conclusion might be drawn that the evidence is in the place to be searched." *State v. Smith*, 868 S.W.2d 561, 572 (Tenn. 1993). However, a decision regarding the existence of probable cause requires that the affidavit contain "more than mere conclusory allegations by the affiant." *State v. Stevens*, 989 S.W.2d 290, 293 (Tenn. 1999); *see also Moon*, 841 S.W.2d at 338.

Furthermore, when "probable cause for a search is based upon information from a confidential informant, there must be a showing in the affidavit of both (1) the informant's basis of knowledge and (2) his or her veracity." *State v. Powell*, 53 S.W.3d 258, 262 (Tenn. Crim. App. 2000); *see also State v. Jacumin*, 778 S.W.2d 430, 432, 435-36 (Tenn. 1989) (utilizing the standard set out in *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed.2d 637 (1969) and *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed.2d 723 (1964)).[2] To sufficiently make such showings, the affidavit must include facts permitting "the magistrate to determine: (1) whether the informant had a basis for his information that a certain person had been, was, or would be involved in criminal conduct or that evidence of crime would be found at a certain place" and (2) whether the informant is inherently credible or "the reliability of his information on the particular occasion." *Moon*, 841 S.W.2d at 338. Again, the courts have stressed that conclusory statements absent supportive detail will not suffice to establish these requirements. *See, e.g., id.* at 339. However, "independent police corroboration" may compensate for such deficiencies. *See Jacumin*, 778 S.W.2d at 436; *Moon*, 841 S.W.2d at 340.

Case law warns against a hyper-technical application of the *Aguilar-Spinelli* test, and this Court has previously provided that "[t]he requisite volume or detail of information needed to establish the informant's credibility is not particularly great." *State v. Lowe*, 949 S.W.2d 302, 305 (Tenn. Crim. App. 1996). However, precedent also provides that "the affiant must provide some concrete reason why the magistrate should believe the informant." *Id.*

---

[2] In *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed.2d 527 (1983), the United States Supreme Court abandoned the *Aguilar-Spinelli* two-pronged test for evaluating the sufficiency of an affidavit involving a confidential informant. *Gates*, 462 U.S. at 238, 103 S. Ct. 2317. However, the Tennessee Supreme Court subsequently concluded that *Aguilar-Spinelli* "properly applied 'provide[s] a more appropriate structure for probable cause inquiries incident to the issuance of a search warrant . . . [and] is more in keeping with the specific requirement of Article 1, Section 7 of the Tennessee Constitution that a search warrant not issue 'without evidence of the fact committed.'" *Jacumin*, 778 S.W.2d at 436.

In the case at hand, Appellant does not challenge the confidential informant's basis of knowledge, the first prong of the *Aguilar-Spinelli* test. His challenge solely targets the credibility of the confidential informant required under the second prong. As above-noted, the affidavit in the instant case states that the informant "has given information in the past in regards to narcotics trafficking resulting in several seizures of cocaine and marijuana, which has resulted in several felony narcotics arrest[s] for cocaine and marijuana." This Court has held that statements that the informant's previous information resulted in the seizure of illegal drugs and arrests as a result of the information satisfy the credibility prong of the *Aguilar-Spinelli* test. *State v. Abernathy*, 159 S.W.2d 601, 604 (Tenn. Crim. App. 2004).

Appellant specifically argues that the affidavit does not satisfy the second prong of the *Aguilar-Spinelli* test because it does not set out the specific number of seizures and arrests that have occurred as a result of the confidential informant. He maintains that the use of the word "several" in the affidavit is not sufficient. As stated above, this Court has warned against a hyper-technical application of the *Aguilar-Spinelli* test. In the affidavit in question, the affiant stated that the confidential informant's information had led to several seizures and arrests. We conclude that the requirement of a specific number in the affidavit would constitute a hyper-technical application. Therefore, we conclude that both prongs of the *Aguilar-Spinelli* test have been met, and the trial court properly dismissed Appellant's motion to suppress.

## CONCLUSION

For the foregoing reasons, we affirm the judgments of the trial court.

_____
JERRY L. SMITH, JUDGE