# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### April 16, 2013 Session

## STATE OF TENNESSEE v. MICHAEL T. SHELBY

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 41001306     John H. Gasaway, Judge**

_____

**No. M2011-01289-CCA-R3-CD - Filed June 19, 2013**

_____

In this State appeal, the Defendant, Michael T. Shelby, was indicted for promoting the manufacture of methamphetamine, possession of methamphetamine, and possession of drug paraphernalia. The Defendant filed a motion to suppress, claiming the search warrant lacked probable cause. After a suppression hearing, the trial court granted the Defendant's motion to suppress, finding that the search warrant was legally defective, and suppressed the evidence seized pursuant to the warrant. The State appeals, contending that the trial court erred when it granted the Defendant's motion to suppress because the informant provided sufficiently reliable information upon which the warrant could be properly issued. After a thorough review of the record and applicable authorities, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and John E. Finklea, Assistant District Attorney General, for the appellee, State of Tennessee.

Michael T. Shelby, Clarksville, Tennessee, pro se.

## OPINION
### I. Facts

This case arises from criminal charges that were the result of evidence seized by

police after they executed a search warrant. The Defendant filed a motion to suppress the evidence seized as a result of the search warrant, contending that the search warrant lacked probable cause. At the hearing on the motion to suppress, the only evidence presented by the Defendant was the search warrant itself. The affidavit of facts in support of probable cause to issue the search warrant read:

This affidavit is made by Agent Kyle Darnell who has 14 years of law enforcement experience as a sworn police officer and 4 years as a narcotics investigator, now testifies herein which is based upon information received from other law enforcement officers, unless otherwise stated, which your affiant believes to be true, and is as follows.

In early October 2009 your Affiant opened a methamphetamine manufacturing investigation. This investigation was begun based on information from citizens and law enforcement officers. Two subjects in this investigation were Crystal Lancaster (AKA Crystal Young) and Guy Suiter.

On February 10, 2010 a concerned citizen came to the 19th Judicial District Drug Task Force in an unsolicited and voluntary manner. Said concerned citizen did not have a criminal record as verified by NCIC and a local criminal history search. Said concerned citizen was seeking to give information concerning the manufacture of methamphetamine and was not asking for any kind of remuneration or special consideration in return for this information. The concerned citizen stated they were in the company of Crystal Lancaster (AKA Crystal Young), Guy Suiter and Michael Theodore Shelby from Friday February 5, 2010 until Monday February 8, 2010 on a continuous but involuntary basis.

This concerned citizen stated that they witnessed Crystal Lancaster (AKA Crystal Young), Guy Suiter and Michael Theodore Shelby manufacture methamphetamine. The concerned citizen described observing Crystal Lancaster (AKA Crystal Young) Guy Suiter and Michael Theodore Shelby mixing chemicals and further stated that Crystal Lancaster (AKA Crystal Young) stated that they were making methamphetamine and showed the concerned citizen finished methamphetamine. All of this manufacturing of methamphetamine was being conducted at Michael Theodore Shelby's property located at 795 Iron Workers Road in Montgomery County Tennessee. The concerned citizen also stated they witnessed several people coming to the property and buying and using methamphetamine.

The concerned citizen stated that on February 9, 2010 that Michael Theodore Shelby purchased pseudoephedrine at the Wal-Mart pharmacy on Madison Street in Clarksville Tennessee for the purpose o[f] manufacturing methamphetamine. This purchase was verified in the pseudoephedrine log. By coincidence Agent Black of the 19th Judicial District Drug Task Force was in the pharmacy at the same time and witnessed Michael Theodore Shelby purchasing pseudoephedrine.

As a result of the execution of this search warrant, the Defendant was arrested and indicted for promoting the manufacture of methamphetamine, possession of methamphetamine, and possession of drug paraphernalia. The Defendant filed a motion to suppress the evidence seized during the search, claiming that the search warrant was not legal.

After presenting the warrant, the parties presented legal arguments. The Defendant's counsel ("Counsel") contended that the warrant was invalid on its face. He contended that the "concerned citizen" did not qualify as a "citizen informant" because he was with the Defendant and others over the course of four days while they allegedly manufactured methamphetamine. Counsel said that this "concerned citizen" was part of the criminal milieu. As such, Counsel contended the court must determine whether there was sufficient probable cause based on the information the informant provided. Counsel stated that the only thing police were able to confirm from the informant's statement was that the Defendant purchased pseudoephedrine at a Wal-Mart pharmacy on Madison Street on February 9, 2010. Counsel said that, in and of itself, was not sufficient to the establish reliability of the information the informant had provided.

The State countered that the search warrant indicated that the concerned citizen was, in fact, a citizen informant and not part of the criminal milieu. As such, the information he provided supported probable cause to issue the search warrant. The State pointed out that the search warrant states that the informant was at the house on an "involuntary basis." The State further notes that the informant describes an event wherein the Defendant purchased pseudoephedrine, and the police stated in the search warrant that they were able to confirm that with the log kept by the store. The State argued that, even if the informant were considered part of the criminal milieu, the informant's information was still reliable in that portions of the informant's story could be corroborated.

The trial court granted the Defendant's motion to suppress the evidence obtained as a result of a search warrant. The trial court's order stated:

THIS CAUSE came to be heard on the 18th of May, 2011 upon Defendant's

motion to suppress all evidence obtained as a result of the search warrant issued and executed at 795 Iron Workers Road in Montgomery County Tennessee.

After a hearing on the matter, this Court finds that the search warrant was not based on information from a Citizen Informant, and that the search warrant did not adequately establish the reliability of the informant's information pursuant to State v. Jacumin, 778 S.W.2d, in violation of Article 1, Section 7 of the Tennessee Constitution.

WHEREFORE, it is hereby ORDERED, ADJUDGED and DECREED that all evidence seized as a result of the search warrant issued and executed at 795 Iron Workers Road in Montgomery County Tennessee shall be suppressed and case dismissed.

It is from this judgment that the State now appeals.

## II. Analysis

On appeal, the State contends that the trial court erred when it granted the Defendant's motion to suppress. The State asserts that the information contained in the affidavit sufficiently supports a finding of probable cause. The State first contends that the trial court erred when it found the "concerned citizen" was not a "citizen informant" but, rather, a "criminal informant." The State further contends that, even if the informant was a "criminal informant," there is a sufficient basis to establish the reliability of the informant as required by *State v. Jacumin*, 778 S.W.2d 430 (Tenn. 1989). The Defendant filed no brief on appeal.[1]

"This Court will uphold a trial court's findings of fact in a suppression hearing unless the evidence preponderates otherwise." *State v. Hayes*, 188 S.W.3d 505, 510 (Tenn. 2006) (citing *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)). On appeal, "[t]he prevailing party in the trial court is afforded the 'strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence.'" *State v. Carter*, 16 S.W.3d 762, 765 (Tenn. 2000) (quoting *State v. Keith*, 978 S.W.2d 861, 864 (Tenn. 1998)). "Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *Odom*, 928 S.W.2d at 23. Our review of a trial court's application of law to the facts

---

[1]The record indicates that this Court ordered the Defendant to file a brief, giving him thirty days in which to so do. The Defendant failed to file a brief within that time period, and this Court ordered that the case should be considered on the record and the brief of the State.

is de novo, with no presumption of correctness. *State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001) (citing *State v. Crutcher*, 989 S.W.2d 295, 299 (Tenn. 1999); *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn. 1997)). When the trial court's findings of fact are based entirely on evidence that does not involve issues of witness credibility, however, appellate courts are as capable as trial courts of reviewing the evidence and drawing conclusions, and the trial court's findings of fact are subject to de novo review. *State v. Binette*, 33 S.W.3d 215, 217 (Tenn. 2000).

The United States and Tennessee Constitutions state that search warrants shall issue only upon probable cause. U.S. Const. amend. IV; Tenn. Const. Art. 1, section 7. "As a general rule, a search warrant shall be issued only on the basis of an affidavit, sworn before a 'neutral and detached' magistrate, which establishes probable cause for its issuance." *State v. Stevens*, 989 S.W.2d 290, 293 (Tenn .1999) (quoting *State v. Jacumin*, 778 S.W.2d 430, 431 (Tenn.1989)) (citing *State v. Moon*, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992)). A showing of probable cause generally requires "a reasonable ground for suspicion, supported by circumstances indicative of an illegal act." *State v. Johnson*, 854 S.W.2d 897, 899 (Tenn. Crim. App. 1993) (citing *Lea v. State*, 181 S.W.2d 351, 352 (Tenn. 1944)).

An affidavit establishing probable cause is an indispensable prerequisite to the issuance of a search warrant. *See, e.g.*, T.C.A. § 40-6-103; Tenn. R. Crim. P. 41(c); *State v. Sales*, 393 S.W.3d 236, 240 (Tenn. Crim. App. 2012). Such probable cause "must appear in the affidavit [itself] and judicial review of the existence of probable cause will not include looking to other evidence provided to or known by the issuing magistrate or possessed by the affiant." *Id.* (citing *Moon*, 841 S.W.2d at 338; and *Henning*, 975 S.W.2d at 295). To sufficiently make a showing of probable cause, an affidavit "must set forth facts from which a reasonable conclusion might be drawn that the evidence is in the place to be searched." *State v. Smith*, 868 S.W.2d 561, 572 (Tenn. 1993). However, a decision regarding the existence of probable cause requires that the affidavit contain "more than mere conclusory allegations by the affiant." *State v. Stevens*, 989 S.W.2d 290, 293 (Tenn. 1999); *see also Moon*, 841 S.W.2d at 338.

If an ordinary citizen provides information relied upon for probable cause, no showing of the informant's basis of knowledge or veracity is required. *State v. Echols*, 382 S.W.3d 266, 279 (Tenn. 2012) (citing *Melson*, 638 S.W.2d at 342, 355-56 (Tenn. 1982); *Smith*, 867 S.W.2d at 347 (holding that a "citizen informant"–such as a victim or bystander witness–who provides information for a search warrant affidavit is entitled to a presumption of reliability)). It is only when "the arresting officers rely in part on information from an informant from the criminal milieu[that] they must be able to demonstrate that the informant (1) has a basis of knowledge and (2) is credible or his information is reliable." *Id.* (citing *State v. Lewis*, 36 S.W.3d 88, 98 (Tenn. Crim. App. 2000); *Jacumin*, 778 S.W.2d at 436

(Tenn. 1989)).  In the absence of any information as to whether an anonymous informant is a citizen-informant, the reliability of the informant may not be presumed.  *Id.* (citing *State v. Carter*, 160 S.W.3d 526, 534 (Tenn. 2005)).  Tennessee law, however, draws a distinction between a "citizen informant" and an informant from "the criminal milieu."  *State v. Melson*, 638 S.W.2d 342, 354 (Tenn. 1982).  While information from a criminal informant must be judged by the *Aguilar–Spinelli* test, known citizen informants typically enjoy a presumption of reliability.  *See id.* at 356-57; *see also State v. Luke*, 995 S.W.2d 630, 637 (Tenn. Crim. App. 1998).  A person from the criminal milieu is one who is "intimately involved with the persons informed upon and with the illegal conduct at hand."  *Melson*, 638 S.W.2d at 354 (internal citations and quotations omitted).  Information provided by criminal informants "is not given in the spirit of a concerned citizen, but often is given in exchange for some concession, payment, or simply out of revenge against the subject."  *State v. Stevens*, 989 S.W.2d 290, 294 (Tenn. 1999) (internal citations and quotations omitted).  In contrast, citizen informants are either the "victims of the crime or have otherwise seen some portion of it."  *Melson*, 638 S.W.2d at 354 (internal citations and quotations omitted).

In the case under submission, we agree with the trial court that the informant appears to be part of the criminal milieu.  We note that the search warrant does state that he was with the Defendant in an "involuntary" capacity, but the search warrant does not explain this term.  Further, the events the informant described for police occurred over a period of five days, and included a trip by the informant to a Wal-Mart store.  Under these circumstances, we conclude that he cannot be deemed an innocent bystander.  We now turn to see whether the information provided by him was reliable pursuant to the test enumerated in *Jacumin*.

In *Jacumin*, the Tennessee Supreme Court adopted a two prong test to determine whether information provided by an informant in the criminal milieu was sufficient to establish probable cause to issue a warrant.  *Jacumin*, 778 S.W.2d at 436.  The Court clarified that, when relying on information from such an informant, the affiant must be able to demonstrate that the informant has a basis of knowledge and that he is credible or the information is reliable.  *See Id.* (adopting two-prong test of *Aguilar v. Texas*, 378 U.S. 108, (1964), and *Spinelli v. United States*, 393 U.S. 410 (1969)); *State v. Lewis*, 36 S.W.3d 88, 98 (Tenn. Crim. App. 2000).  The basis of knowledge prong requires that the affidavit contain facts from which the magistrate may determine that the informant had a basis for the claim regarding criminal conduct or contraband.  *Jacumin*, 778 S.W.2d at 432; *see also Moon*, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992).  The veracity prong requires that the affidavit contain facts from which the magistrate may determine either the inherent credibility of the informant or the reliability of the information provided.  *Id.*  A deficiency in the above two-prongs of informant's information may be overcome by independent police corroboration.  *Jacumin*, 778 S.W.2d at 436; *State v. Marshall*, 870 S.W.2d 532, 538-39 (Tenn. Crim. App. 1993); *see generally State v. Williams*, 193 S.W.3d 502, 509 (Tenn.

2006).

In *Jacumin*, our Supreme Court warned against applying the two-pronged test hypertechnically. 778 S.W.2d at 436. It also approved, as it previously had in another case, the United States Supreme Court's statement in *Illinois v. Gates* relative to the duties of magistrates and reviewing courts regarding the determination of probable cause:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Gates*, 462 U.S. 213, 238-39 (1983).

A finding of probable cause made by an issuing magistrate is entitled to great deference. *State v. Yeomans*, 10 S.W.3d 293, 296 (Tenn. Crim. App. 1999) (citing *Melson*, 638 S.W.2d at 357). Therefore, the standard to be employed in reviewing the issuance of a search warrant is "whether, in light of all the evidence available, the magistrate had a substantial basis for finding probable cause." *State v. Meeks*, 876 S.W.2d 121, 124 (Tenn. Crim. App. 1993).

We conclude in the case under submission that, in light of all the evidence available, the magistrate had a substantial basis for finding probable cause. We conclude the affiant demonstrated that the informant had a basis of knowledge and that his information was reliable. First, the affiant was able to confirm that the Defendant and the informant were together during the relevant time period. The informant stated that the Defendant to a Wal-Mart where the Defendant purchased pseudoephedrine. By coincidence Agent Black of the 19th Judicial District Drug Task Force was in the pharmacy at the same time and witnessed the Defendant purchasing pseudoephedrine, providing independent police corroboration of the Defendant's information. The affiant went to the Wal-Mart and verified that the Defendant had purchased pseudoephedrine on that date through the pseudoephedrine log that pharmacies are required by law to maintain, further corroborating the Defendant's information. Additionally, the informant's information included that the Defendant was manufacturing methamphetamine, and the affiant stated he was aware that pseudoephedrine was a necessary ingredient in the manufacture of methamphetamine. The informant gave an address where the Defendant was manufacturing the methamphetamine, which was the location for which the affiant sought a search warrant. We conclude that, given these facts,

the magistrate did not err when it determined that there was a fair probability that contraband or evidence of a crime would be found at that particular place. As such, we conclude that the trial court erred when it granted the Defendant's motion to suppress. We, therefore, reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

### III. Conclusion

Based on the record and aforementioned authorities, we conclude that the trial court erred when it granted the Defendant's motion to suppress. Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE