# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 12, 2014 Session

## STATE OF TENNESSEE v. GREGORY LAMONT HALL

**Appeal from the Criminal Court for Davidson County**
**No. 2012-A-59     Mark Fishburn, Judge**

---

**No. M2013-02841-CCA-R3-CD - Filed October 3, 2014**

---

The Defendant, Gregory Lamont Hall, was indicted for one count of manufacturing .5 grams or more of cocaine within 1,000 feet of a school, a Class B felony; one count of possession with intent to sell 26 grams or more of cocaine within 1,000 feet of a school, a Class B felony; one count of possession of a firearm with the intent to go armed during the commission of a dangerous felony, a Class D felony; and tampering with evidence, a Class C felony. See Tenn. Code Ann. §§ 39-16-503, -17-417, -17-1324(a). The Defendant filed a suppression motion which the trial court denied. The Defendant subsequently entered into a plea agreement with the State and reserved a certified question of law for appellate review pursuant to Tennessee Rule of Criminal Procedure 37(b)(2). The Defendant pled guilty to one count of possession with intent to sell 26 grams or more of cocaine within 1,000 feet of a school and received a ten-year sentence to be served consecutively to a prior sentence. The remaining charges were dismissed. In this appeal, the Defendant contends that there was not sufficient probable cause to justify the issuance of a warrant to search the residence in question. Following our review, we reverse, vacate the judgment of the trial court, and dismiss the charge.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Case Dismissed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Joshua L. Brand, Nashville, Tennessee, for the appellant, Gregory Lamont Hall.

Robert E. Cooper, Jr., Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Robert Elliot McGuire and Janice Norman, Assistant District Attorneys General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

The only evidence adduced in this case resulted from a search warrant issued on August 18, 2011. The "affidavit in support of [a] search warrant" stated the following:

> This affidavit is made by Detective Ronald L. Kumrow who has been a sworn police officer since 2002, now testifies herein which is based upon your affiant's personal knowledge, upon information received from other law enforcement officers, or upon information obtained from other sources as noted, which your Affiant believes to be true, and is as follows. Your Affiant received information that illegal narcotics were being sold at 1614 17th Ave North. Apt. A Nashville . . . . Within the last 72 hours, your Affiant met with a Confidential Informant, (hereafter referred to as CI). Said CI was searched for contraband and stripped of all personal money and property. Said CI was wired for surveillance purposes. CI was then given previously photocopied buy money and instructed to purchase a quantity of cocaine from 1614 17th Ave North. Apt. A[,] . . . which the CI did. The said CI was observed walking up to the target location and entered the target door. Said CI then entered inside the residence, and momentarily exit [sic] the same door. The CI then returned to me, where the CI turned over a quantity of a white rock substance. The white rock substance field-tested positive for cocaine base. The CI was then searched and no other contraband was found. Said CI is familiar with crack cocaine from past exposure and experience and has given information that has led to the lawful recovery of illegal narcotics. Affiant will disclose the CI's name to the Judge signing the warrant only. The CI wishes to remain anonymous for fear of reprisal.
>
> Your affiant wishes to search each person(s) on the above premises; From the Affiant's training and experience, he has learned that most persons present at premises where controlled substances are sold, bought, and/or used, have controlled substances, paraphernalia, weapons or other evidence of criminal conduct secreted on their person.

The last page of the affidavit listed Det. Kumrow's "experience and basis of knowledge" regarding "the habits, characteristics, and practices of drug traffickers."

The trial court denied the Defendant's suppression motion, concluding that, in addition to the controlled buy, the affidavit demonstrated that there was ongoing criminal

activity occurring at the target residence based, "at least in part, on [Det. Kumrow's] and other police [officers'] investigation." The trial court further concluded that the probable cause for the search warrant was not stale even though the controlled buy had occurred within the past seventy-two hours because Det. Kumrow's information "relating to drug sales at that location" was sufficient to "establish an ongoing nexus that the items contained in the search warrant would be found at the location specified."

At the Defendant's guilty plea submission hearing, the State summarized the evidence against him. On August 19, 2011, the Defendant was inside the target residence, which was within 1,000 feet of a school, when the search warrant was executed. The Defendant was seen standing next to a toilet, attempting to flush a plastic bag containing what was ultimately determined to be cocaine. In total, the cocaine weighed 29.4 grams. The Defendant did not dispute these facts. Pursuant to Tennessee Rule of Criminal Procedure 37(b)(2), this appeal followed.

## ANALYSIS

The Defendant contends that the trial court erred by denying his suppression motion. The Defendant argues that a single controlled buy performed within seventy-two hours of the warrant application was stale and could not support a finding of probable cause. The Defendant further argues that there was nothing in Det. Kumrow's affidavit to support a finding of "ongoing criminal activity" at the target residence  The State responds that the controlled buy coupled with Det. Kumrow's statement that he was informed that illegal narcotics were being sold at the target residence were sufficient to establish probable cause for a search warrant.

On appellate review of suppression issues, the prevailing party "is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence." State v. Talley, 307 S.W.3d 723, 729 (Tenn. 2010) (quoting State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996)). Questions about "the assessment of witness credibility, the weight and value of evidence, and the resolution of evidentiary conflicts are entrusted to the trial court" as the trier of fact. State v. Meeks, 262 S.W.3d 710, 722 (Tenn. 2008). A trial court's conclusions of law along with its application of the law to the facts are reviewed de novo without any presumption of correctness. Id.

Both the federal and state constitutions offer protection from unreasonable searches and seizures and require a finding of probable cause prior to the issuance of a search warrant. State v. Archibald, 334 S.W.3d 212, 214 (Tenn. Crim. App. 2010) (quoting U.S. Const. amend. IV; Tenn. Const. art. I, § 7). "As a general rule, a search warrant shall be issued only

on the basis of an affidavit, sworn before a 'neutral and detached' magistrate, which establishes probable cause for its issuance." State v. Stevens, 989 S.W.2d 290, 293 (Tenn. 1999). Probable cause generally requires "a reasonable ground for suspicion, supported by circumstances indicative of an illegal act." State v. Johnson, 854 S.W.2d 897, 899 (Tenn. Crim. App. 1993). To make a sufficient showing of probable cause, an affidavit "must set forth facts from which a reasonable conclusion might be drawn that the evidence is in the place to be searched." State v. Smith, 868 S.W.2d 561, 572 (Tenn. 1993).

In reviewing a probable cause determination, we look solely to the affidavit itself and not "to other evidence provided to or known by the issuing magistrate or possessed by the affiant." State v. Sales, 393 S.W.3d 236, 240 (Tenn. Crim. App. 2012) (quoting State v. Moon, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992)). Great deference is given to a finding of probable cause made by the issuing magistrate. State v. Yeomans, 10 S.W.3d 293, 296 (Tenn. Crim. App. 1999). We review a probable cause determination for "whether, in light of all the evidence available, the magistrate had a substantial basis for finding probable cause." State v. Meeks, 876 S.W.2d 121, 124 (Tenn. Crim. App. 1993).

The facts of this case align closely with the facts in Archibald, 334 S.W.3d at 212. At issue in Archibald was "whether an affidavit alleging only that drugs were bought in a particular apartment up to seventy-two hours beforehand can support a warrant for the search of that appartment and its occupants." Id. at 215. The affidavit described a controlled buy at the target location but contained no information regarding "a quantity of drugs received; the identity of the seller; the identity of the apartment's resident or residents; or the presence of any other persons or things inside the apartment." Id. Nor was there anything in the affidavit to "allege that the seller resided at the apartment." Id.

A panel of this court concluded that while "the affidavit . . . contained information establishing a nexus between the [d]efendant's apartment and criminal activity, it contained no information tending to establish how long the nexus would persist." Archibald, 334 S.W.3d at 215. Because the affidavit did not "contain any facts supporting an inference that the person who sold the drugs to the CI was more than a one-time visitor to the apartment" or "that the CI observed any drugs other than the drugs he bought," the court concluded that "the information in the affidavit became stale as soon as enough time had passed for such a one-time seller to leave the apartment." Id. at 215-16. The court did acknowledge that the affidavit "would have been sufficient had it contained information reliably establishing ongoing criminal activity." Id. at 216.

As in Archibald, the affidavit at issue here only described the CI entering the apartment and then "momentarily" exiting the apartment after making a controlled buy. The affidavit did not reveal the quantity of drugs received, the identity of the seller, the identity

of the target location's residents, or whether the seller was a resident of the target location. Likewise, the affidavit did not establish that the seller "was more than a one-time visitor to the apartment" or that the CI observed other drugs inside the residence. Archibald, 334 S.W.3d at 215. In this respect, the facts of this case are directly on point with the facts in Archibald.

The State argues that, unlike the affidavit in Archibald, the affidavit at issue here contained information reliably establishing ongoing criminal activity in the target residence. The State points to the boilerplate language at the beginning of the affidavit stating that the affidavit was based upon either the "affiant's personal knowledge, upon information received from other law enforcement officers, or upon information obtained from other sources as noted" and Det. Kumrow's statement that he had "received information that illegal narcotics were being sold at" the target residence.

Generally, the reliability of an investigating officer may be presumed by a magistrate, as well as "the reliability of other investigating officers upon whom the affiant relies." Moon, 841 S.W.2d at 338 n.1. However, a finding of probable cause requires the affidavit to contain "more than mere conclusory allegations by the affiant." Stevens, 989 S.W.2d at 293. Here, the affidavit "failed to provide the source of [the] information, the point in time when [the] information was received by the detective, or any specific details regarding the target residence or the illegal narcotics activity." State v. Michael D. Boone, No. M2011-02435-CCA-R3-CD, 2013 WL 2639145, at *9 (Tenn. Crim. App. June 10, 2013) (McMullen, J. concurring), perm. app. denied, (Tenn. Nov. 13, 2013).

Because there was nothing in the affidavit to support Det. Kumrow's statement that he had received information that illegal narcotics were being sold at the target residence, it was a mere conclusory allegation and could not reliably establish ongoing criminal activity at the target residence. Accordingly, we conclude that there was insufficient probable cause to justify the issuance of a search warrant and that the trial court erred in denying the Defendant's suppression motion.

### CONCLUSION

In consideration of the foregoing and the record as a whole, we conclude that the trial court erred in denying the Defendant's suppression motion, and we reverse, vacate the judgment of the trial court, and dismiss the charge.

_____

D. KELLY THOMAS, JR., JUDGE