IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 12, 2016 Session

**STATE OF TENNESSEE v. TINA LYNN SZABO**

**Appeal from the Circuit Court for Henry County**
No. 15448      Donald E. Parish, Judge
_____

**No. W2015-02264-CCA-R9-CD  -  Filed October 6, 2016**
_____

This is an appeal by permission, pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.  A Henry County grand jury indicted the Defendant, Tina Lynn Szabo, for various charges arising out of a traffic stop based upon the Defendant's erratic driving and the subsequent blood test results obtained by a search warrant for a blood draw.  The Defendant filed a motion to suppress the blood test results obtained as a result of a search warrant, and the trial court suppressed the blood test results, ruling that an error within the warrant and an untimely return rendered the search warrant invalid.  The State filed a motion for an interlocutory appeal, which was granted by the trial court.  We granted the Rule 9 appeal, and the State asserts that the trial court erred when it granted the Defendant's Motion to Suppress.  After review, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed
and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Matthew F. Stowe, District Attorney General; and Paul D. Hessing and Vance Dennis, Assistant District Attorneys General, for the appellant, State of Tennessee.

Anthony L. Clark, Paris, Tennessee, for the appellee, Tina Lynn Szabo.

**OPINION**
**I. Facts**

According to the arrest warrant, arresting officer Frankie Scott observed the Defendant on June 16, 2014, traveling eastbound on Highway 54 in Henry County when

the vehicle's passenger side tires left the roadway. Officer Scott followed the Defendant's vehicle and observed the vehicle run "off side" of the road two more times. Officer Scott initiated a traffic stop and subsequently detected the odor of an intoxicant emanating from the Defendant. The Defendant confirmed that she had drunk "several" cocktails at a friend's house, and the officer observed three bottles of liquor in the vehicle. One of the bottles was empty, the second was "almost empty," and the third was unopened. The Defendant showed indicators of impairment on the field sobriety tasks, and Officer Scott arrested the Defendant for driving under the influence ("DUI"), 2nd offense. The arrest warrant for violation of the implied consent statute indicates that the Defendant refused to have her blood drawn, which is mandatory for a DUI second offense.

Based upon the Defendant's refusal to consent to a blood sample, Officer Scott drafted a search warrant and affidavit. The search warrant is as follows:

> Affidavit having been made before me by Deputy Frankie Scott, badge #559 of the Henry County Sheriff's Office, charged with the duty of enforcing the criminal laws, that he has reason to believe that in Henry County, Tennessee, within the following described person: White female, Tina Lynn Szabo [driver's license no. and date of birth], there exists evidence of any intoxicant, marijuana, controlled substance, drug, substance affecting the central nervous system or combination thereof that impairs the driver's ability to safely operate a motor vehicle by depriving the driver of the clearness of mind and control of himself which he would otherwise possess, which would serve as evidence of a violation of T.C.A. §55-10-401 [Driving Under the Influence], a criminal offense within the State of Tennessee.

> Based upon the affidavit given under oath or affirmation, I am satisfied that there is probable cause to believe that a crime has been committed and that the evidence exists within the above described person.

> Deputy Frankie Scott, badge #559, you, or any peace officer under your direction, are hereby commanded to obtain from, Tina Lynn Szabo, [driver's license no. and date of birth], a breath or blood sample, at your choice.

> Law enforcement officers are authorized to use all reasonable force necessary to assist the physician, registered nurse, licensed practical nurse, Clinical laboratory technician, technologist, trained phlebotomist, licensed emergency medical technician, licensed paramedic or medical laboratory

technician to take the samples from the body of the above described person. After obtaining the samples of blood, the samples shall delivered to the said law enforcement officer.

A copy of this Warrant is to be left with the person searched, and a written return including an inventory of any things seized, shall be made before me or a Court of competent jurisdiction without unnecessary delay after the execution of this Search Warrant.

This warrant is to be executed immediately, due to exigent circumstances.

Issued the l6 day of June 2014 at 10:57 pm and delivered to Deputy Frankie Scott, badge #559, for execution by him or any peace officer under his direction.

The affidavit in support of the search warrant reads as follows:

The undersigned, Deputy Frankie Scott of the , Henry County Sheriff's Office being duly sworn, deposes and says:

I am a Deputy Sheriff with the Henry County Sheriff's Office charged with the duty of enforcing the criminal laws of the State of Tennessee. I have been duly employed with the Henry County Sheriff's Office for 4 years. I have reason to believe that in Henry County, Tennessee, within the following described person: White female, Tina Lynn Szabo [driver's license no. and date of birth], there exists evidence of any intoxicant, marijuana, controlled substance, drug, substance affecting the central nervous system or combination thereof that impairs the driver's ability to safely operate a motor vehicle by depriving the driver of the clearness of mind and control of himself which he would otherwise possess, which would serve as evidence of a violation of T.C.A. §55-10-401 [Driving Under the Influence].

The facts tending to establish probable cause that a crime has been committed and that the above described evidence exists within the body or blood of **Craig Brandon McBee**, are as follows:

On 6/16/2014 at 20:36 hrs. Ms. Szabo was stopped due to her running off the side of the road several times. Upon me asking her she did admit to drinking and there were 3 bottles of liquor in her

3

passenger seat. One was empty, another was almost empty and the other had not been opened.

For the above reasons, I, Deputy Frankie Scott Badge#559 request that blood be drawn from , Tina Lynn Szabo, to obtain evidence existing within the body or blood of Tina Lynn Szabo, of any intoxicant, marijuana, controlled substance, drug, substance affecting the central nervous system or combination thereof that impairs the driver's ability to safely operate a motor vehicle by depriving the driver of the clearness of mind and control of himself which he would otherwise possess. The presence of the above substances, drugs, intoxicants and/or its derivatives constitutes critical evidence of a violation of T.C.A. §55-10-401.

I swear or affirm that all of the information contained in this affidavit and all other testimony given by me under oath is true to the best of my knowledge and belief.

(emphasis added).

Following indictment for these offenses, the Defendant filed a motion to suppress the evidence obtained pursuant to the execution of the search warrant. She claimed that the search warrant was invalid because the affidavit stated that the evidence to establish probable cause for the Defendant's arrest was "within the body or blood of Craig Brandon McBee." The Defendant also complained that the search warrant was never returned to the issuing magistrate and was not filed with the court clerk until January 6, 2015.

At the suppression hearing, Deputy Scott testified that he had used the format of a prior application for a search warrant and replaced the prior defendant's name, Craig Brandon McBee, with this defendant's name, Tina Lynn Szabo. Deputy Scott testified that the error in the supporting affidavit was unintentional. The search warrant was issued on June 16, 2014, and executed by Deputy Scott on the same day. Deputy Scott stated that he retained the original search warrant in his personal file until January 6, 2015, when he filed it with the court clerk. He confirmed that he did not return the warrant to the issuing magistrate.

After hearing the evidence, the trial court suppressed the results of the blood test finding that the inclusion of a different name within the affidavit rendered the document invalid. The trial court found that the error was not a good faith mistake or technical violation and that the Exclusionary Rule Reform Act was inapplicable in this case. The trial court acknowledged that the failure of the deputy to return the executed warrant "by

4

itself" did not invalidate the warrant but found that the failure to make the return provided "an additional basis for the decision." It is from this judgment that the State appeals.

## II. Analysis

The State asserts that the trial court erred in granting the Defendant's motion to suppress because a clerical error in an affidavit does not invalidate a search warrant. The State also asserts that the delay in the return of the executed search warrant does not invalidate the search warrant. The Defendant responds that the trial court ruled correctly because the executed search warrant and affidavit failed to comply with Rule 41 of the Tennessee Rules of Criminal Procedure.

Our standard of review for a trial court's findings of fact and conclusions of law on a motion to suppress evidence is set forth in *State v. Odom*, 928 S.W.2d 18 (Tenn. 1996). Under this standard, "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." *Id*. at 23. As is customary, "the prevailing party in the trial court is afforded the 'strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence.'" *State v. Carter*, 16 S.W.3d 762, 765 (Tenn. 2000) (quoting *State v. Keith*, 978 S.W.2d 861, 864 (Tenn. 1998)). Nevertheless, this Court reviews *de novo* the trial court's application of the law to the facts, without according any presumption of correctness to those conclusions. *See State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001); *State v. Crutcher*, 989 S.W.2d 295, 299 (Tenn. 1999).

The United States and Tennessee Constitutions state that search warrants shall issue only upon probable cause. U.S. Const. amend. IV; Tenn. Const. Art. 1, section 7. "As a general rule, a search warrant shall be issued only on the basis of an affidavit, sworn before a 'neutral and detached' magistrate, which establishes probable cause for its issuance." *State v. Stevens*, 989 S.W.2d 290, 293 (Tenn.1999) (quoting *State v. Jacumin*, 778 S.W.2d 430, 431 (Tenn. 1989)) (citing *State v. Moon*, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992)). A showing of probable cause generally requires "a reasonable ground for suspicion, supported by circumstances indicative of an illegal act." *State v. Johnson*, 854 S.W.2d 897, 899 (Tenn. Crim. App. 1993) (citing *Lea v. State*, 181 S.W.2d 351, 352 (Tenn. 1944)).

An affidavit establishing probable cause is an indispensable prerequisite to the issuance of a search warrant. *See, e.g*., T.C.A. § 40-6-103; Tenn. R. Crim. P. 41(c); *State v. Sales*, 393 S.W.3d 236, 240 (Tenn. Crim. App. 2012). Such probable cause "must appear in the affidavit [itself] and judicial review of the existence of probable cause will not include looking to other evidence provided to or known by the issuing magistrate or

possessed by the affiant." *Id.* (citing *Moon*, 841 S.W.2d at 338). To sufficiently make a showing of probable cause, an affidavit "must set forth facts from which a reasonable conclusion might be drawn that the evidence is in the place to be searched." *State v. Smith*, 868 S.W.2d 561, 572 (Tenn.1993).

A finding of probable cause made by an issuing magistrate is entitled to great deference. *State v. Yeomans*, 10 S.W.3d 293, 296 (Tenn. Crim. App.1999) (citing *Melson*, 638 S.W.2d 342, 357 (Tenn. 1982)). Therefore, the standard to be employed in reviewing the issuance of a search warrant is "whether, in light of all the evidence available, the magistrate had a substantial basis for finding probable cause." *State v. Meeks*, 876 S.W.2d 121, 124 (Tenn. Crim. App. 1993).

Clerical errors made without prejudice to the defendant will not invalidate an otherwise valid search warrant. *See Collins v. State*, 199 S.W.2d 96, 97 (Tenn. 1947) ("the Courts will not permit such technical objections to prevail and defeat justice") (citation omitted); *see also State v. Johnny Lay*, No. 03C01-9306-CR-00174 (Tenn. Crim. App. at Knoxville, Jan. 21, 1994) (where conflicting dates in warrant are clearly clerical error resulting search is valid); *State v. Ralph Teague*, No. 03C01-9203-CR-93, 1992 WL 331038, at *1 (Tenn. Crim. App. at Knoxville, Nov. 13, 1992) (where conflicting dates in affidavit and warrant was clerical error on part of affiant warrant not invalid). "A common-sense evaluation of the circumstances should be made when there is indication that some error or incompleteness was found in an affidavit." *Id.*

Our review of the warrant and affidavit shows that the name of the person for which the deputy sought to have blood drawn is referenced two times in the search warrant and four times in the supporting affidavit. In the search warrant both references name the Defendant and provide both her driver's license number and date of birth. The supporting affidavit first identifies the Defendant by name with her driver's license number and birth date and then in the next reference names "Craig Brandon McBee" rather than the Defendant's name. The remaining two references are the Defendant's name, one of which also includes her driver's license number and date of birth. We conclude that a common sense evaluation of the document would indicate an error based upon these facts. Deputy Scott's testimony further supports the conclusion that the inclusion of Craig Brandon McBee's name in the affidavit was the result of a clerical error. Finally, no prejudice enured to the Defendant as a result of the clerical error. We also note that the arresting officer, Deputy Scott, was the same officer to execute the warrant, leaving little opportunity for confusion about the identity of the person whose blood was to be drawn. Accordingly, the one instance of an inconsistent name in the affidavit when there are five other correct references to the Defendant by name does not void the search warrant.

6

As to the contention that the return was not timely filed, this Court has held that the return upon a search warrant is a ministerial function and does not affect the validity of the warrant or its execution. *State v. Hilliard*, 906 S.W.2d 466, 468 (Tenn. Crim. App. 1995); *see also Anderson v. State*, 512 S.W.2d 665, 668 (Tenn. Crim. App. 1974). Therefore, to the extent the trial court relied upon the failure to return the search warrant, it was error.

## III. Conclusion

Based upon the foregoing, we reverse the trial court's suppression of the evidence resulting from the search warrant. The clerical error in the affidavit does not invalidate the search warrant, and the deputy's failure to return the executed search warrant does not invalidate the warrant. We remand this case for further proceedings consistent with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE

7