IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 8, 2020

## STATE OF TENNESSEE v. MARVIN GLENN BORDEN

**Appeal from the Circuit Court for Weakley County**
No. 2018-CR-46    Jeff Parham, Judge

_____

### No. W2019-00534-CCA-R3-CD

_____

Defendant, Marvin Glenn Borden, was charged with one count of possession of more than 0.5 gram of methamphetamine with intent to sell or deliver and one count of possession of drug paraphernalia. Defendant filed a motion to suppress, which was denied by the trial court. Thereafter, Defendant pled guilty to the possession of methamphetamine charge with an agreed four-year sentence as a Range I offender to be served in confinement. The State dismissed the drug paraphernalia charge. Defendant reserved a certified question of law under Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure, challenging the trial court's denial of the motion to suppress. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Charles S. Kelly, Sr., Dyersburg, Tennessee, for the appellant, Marvin Glenn Borden.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and Colin Johnson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Background*

On appeal, Defendant presents a certified question of law challenging the sufficiency of the information in the affidavit provided in support of the search warrant. In his brief, he states the issue as follows:

WHETHER THE AFFIDAVIT SUBMITTED TO THE ISSUING JUDGE CONTAINED ENOUGH INFORMATION TO ALLOW THE JUDGE TO MAKE AN INDEPENDENT, NEUTRAL AND DETACHED DETERMINATION THAT THE INFORMANT WAS CREDIBLE OR THAT HIS INFORMATION WAS RELIABLE.

The certified question states in full:

> The certified question of law being reserved pursuant to Tenn. R. Crim. P. 37 (b) is whether or not the affidavit submitted to the issuing judge contained enough information to allow the judge issuing the warrant to make an independent, neutral and detached determination that the informant is credible or that his information is reliable.
>
> The affidavit does not state how the informant is familiar with meth, nor the reason for his being in the defendant's home. The affidavit does not describe the items used to sell or consume meth, it does not state whether he is a citizen informant or from the criminal milieu; nor does he do more than make an allegation that the defendant sells meth from his home, no facts of this provided.
>
> The affidavit does not state that the illegal drugs and paraphernalia were still located at the searched residence at the time the search warrant was issued.
>
> Does the affidavit offer more in support of a search warrant than mere conclusory allegations by the affidavit?
>
> These questions were raised in the Motion to Suppress which was denied by the trial judge, who issued the search warrant.

The State does not challenge that the question was properly reserved. However, we must first determine whether the question was properly reserved. *State v. Preston,* 759 S.W.2d 647 (Tenn. 1988). Rule 37 (b)(2)(A) of the Tennessee Rules of Criminal Procedure provides that a defendant may appeal from any judgment of conviction occurring as a result of a guilty plea if the following requirements are met:

> (A) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

- 2 -

(B) the question of law as stated in the judgment or order reserving the certified question of law identifies clearly the scope and limits of the legal issue reserved;

(C) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial judge; and

(D) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

*See also State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003).

Additionally, in *Preston*, our supreme court explicitly provided prerequisites to appellate consideration of a certified question of law under Rule 37(b)(2)(A), stating:

Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to [Tennessee Rule of Criminal Procedure] 37 have been dismissed because the certified question was not dispositive. Also the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case.

*Preston*, 759 S.W.2d at 650. Although the parties in this case agreed that Defendant's certified questions of law were dispositive of the case, we are not bound by that determination. *State v. Thompson*, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003). We instead "must make an independent determination that the certified question is

dispositive." *State v. Dailey*, 235 S.W.3d 131, 135 (Tenn. 2007) (citation omitted). "An issue is dispositive when this court must either affirm the judgment or reverse and dismiss." *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984).

We conclude that the certified question is properly before this court.

A summary of the testimony at the evidentiary hearing on Defendant's motion to suppress is not necessary. The search warrant and affidavit in support of the issuance of the search warrant were made an exhibit at the hearing.

*Analysis*

The only issue presented by Defendant is whether there was a lack of facts in the affidavit to establish that the confidential informant is credible or that his information was reliable in order to establish probable cause. We must review the affidavit's contents to determine whether, within the "four corners" of the affidavit, sufficient facts were set forth to establish probable cause to issue the search warrant. *State v. Keith*, 978 S.W.2d 861, 870 (Tenn. 1998).

The Fourth Amendment to the United States Constitution and Article I, section 7 of the Tennessee Constitution protect individuals from unreasonable searches and seizures. *See* U.S. Const. amend. IV; Tenn. Const. art. 1, § 7. The protections of Article I, Section 7 of the Tennessee Constitution are coextensive with those of the Fourth Amendment. *State v. Tuttle*, 515 S.W.3d 282, 307 (Tenn. 2017).

In reviewing a trial court's determinations regarding a suppression hearing, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). Thus, "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." *Id.* Nevertheless, appellate courts will review the trial court's application of law to the facts purely de novo. *See State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001). Furthermore, the prevailing party is "entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence." *Odom*, 928 S.W.2d at 23.

Our standard of review in determining whether a search warrant is based upon probable cause is "whether, in light of all the evidence available, the magistrate had a substantial basis for finding probable cause." *State v. Meeks*, 876 S.W.2d 121, 124 (Tenn. Crim. App. 1993). "In reviewing the existence of probable cause for issuance of a warrant, we may consider only the affidavit and may not consider any other evidence known by the affiant or provided to or possessed by the issuing magistrate." *State v. Carter*, 160 S.W.3d 526, 533 (Tenn. 2005); *see Tuttle*, 515 S.W.3d at 299. A supporting

affidavit must establish a nexus between the criminal activity, the place to be searched, and the things to be seized. *State v. Saine*, 297 S.W.3d 199, 206 (Tenn. 2009) (citing *State v. Reid*, 91 S.W.3d 247, 273 (Tenn. 2002)). "Courts also should consider the nature of the property sought, the normal inferences as to where a criminal would hide the evidence, and the perpetrator's opportunity to dispose of incriminating evidence." *Reid*, 91 S.W.3d at 275.

In determining whether the affidavit used to obtain the search warrant was sufficient, the Tennessee Supreme Court has adopted the totality-of-the-circumstances test, which requires the issuing magistrate to "'make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Tuttle*, 515 S.W.3d at 303-04 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)) (internal quotations omitted). Under the totality-of-the-circumstances analysis, the informant's basis of knowledge and veracity or credibility are no longer separate and independent considerations but are "'closely intertwined issues that may usefully illuminate the commonsense, practical question [of] whether there is probable cause to believe that contraband or evidence is located in a particular place.'" *Id.* at 308 (quoting *Gates*, 462 U.S. at 230) (internal quotations omitted). Barebones affidavits including only conclusory statements remain insufficient, and independent police corroboration of the information provided by the informant continues to add value to the affidavit. *Id.* at 307-08.

The affidavit supporting the search warrant in this case contains the following [portions in all capital letters are shown exactly as they appear in the affidavit]:

> The Affiant has received information from an informant who has previously given law enforcement information that le[d] to the discovery of criminal evidence or which led to a conviction, as follows:
>
> THE PROVEN RELIABLE COOPERATING INDIVIDUAL USED IN THIS SEARCH WARRANT HAS GIVEN INFORMATION IN THE PAST THAT HAS LED TO THE RECOVERY OF METHAMPEHTAMINE. THE RECOVERIES HAVE ALSO LED TO NUMEROUS ARRESTS AND CONVICTIONS OF THOSE IN POSSESSION OF SAID DRUGS.
>
> \*   \*   \*
>
> The Affiant believes that [Defendant] has possession of the above described property because THE AFFIANT, ERIC SMITH, IS A POST CERTIFIED POLICE OFFICER WORKING FULL TIME WITH THE

WEAKLEY COUNTY SHERIFF'S DEPARTMENT AS AN INVESTIGATOR WITH 17 YEARS OF LAW ENFORCEMENT EXPERIENCE. THE AFFIANT HAS BEEN INVOLVED WITH SEARCH WARRANTS OBTAINED FROM THE WORD OF THE COOPERATING INDIVIDUAL TALKED ABOUT ABOVE AND KNOWS THEIR WORD TO BE PROVEN RELIABLE. WITHIN 72 HOURS PRIOR TO THE SWEARING OF THIS SEARCH WARRANT A PROVEN RELIABLE COOPERATING INDIVIDUAL WAS AT THE RESIDENCE OF [DEFENDANT] AT 12495 HIGHWAY 45 IN MARTIN TN AND DID WITNESS THE SCHEDULE II NARCOTIC METHAMPHETAMINE. [DEFENDANT] WAS IN POSSESSION OF SAID METHAMPHETAMINE THE INFORMANT KNOWS [DEFENDANT] TO SELL METHAMPHETAMINE FROM THIS RESIDENCE. ACCORDING TO THE WEAKLEY COUNTY ELECTRIC MUNICIPAL THE ELECTRIC IS IN THE NAME OF ROSETTA WILSON.

In considering whether the affidavit used to obtain the search warrant in this case was sufficient, the trial court made the following findings:

The Court - - I think I previously said on the record that I didn't consider, in granting the search warrant, that the informant knows the - - knows [Defendant] to sell methamphetamine from the residence. That would be clearly fluff in this warrant. And the Court didn't consider that.

What the Court has to consider in granting a search warrant, and what the Court did consider in this case, in granting the search warrant originally, was whether there is enough evidence to establish that - - a fair probability that there's contraband in the place to be searched. And it's a less rigid case now. Although - - because of <u>Tuttle</u>. But what we had in this case is that, within the four corners of the warrant, we had a cooperating individual. But, using commonsense, the Court knows that it's a criminal informant from the standpoint that very few citizen informants have given information that led to numerous arrests and convictions for methamphetamine. So, the veracity is established by giving the past information.

The basis of knowledge is this individual saw the methamphetamine within the residence within the 72 hours. He knows what methamphetamine is because he's done several arrests - - or done - - provided information in the past. I probably have a little problem with the officer's testimony that he uses 72 hours to protect the informant. I

- 6 -

don't think that's the legal standard. I think the 72 hours is to verify that the information is not stale. Anything beyond 72 hours could be considered stale unless there's some corroborating testimony, which the officer talked about. But the fact that he always uses 72 hours to protect the identity of the informant, that's incorrect. And if that's what he believes, that's incorrect.

And in this case, as it stands today, the Court is - - the Court believes that there is sufficient proof to substantiate the warrant. That the fact that they saw this particular individual sell methamphetamine, advised the officer that it was present leads me to believe that there was a fair probability that contraband or evidence of a crime was to be found inside the residence and that the evidence was not stale at that time. So I'm going to - - on the basis of that I'm denying the motion.

Upon a review of the totality of the circumstances, we conclude that the trial court did not err in its determination that the information contained in the affidavit was sufficient to establish probable cause for the issuance of a search warrant. The affidavit establishes the confidential informant's basis of knowledge in that he knew Defendant sold methamphetamine and that he had been at Defendant's residence within the last seventy-two hours, and while at the residence had seen methamphetamine in Defendant's possession. This is enough to establish a sufficient "nexus between the criminal activity, the place to be searched, and the items to be seized." *Tuttle*, 515 S.W.3d at 301; *State v. Powell*, 53 S.W.3d 258, 263 (Tenn. Crim. App. 2000); *State v. Allen Jean Stephens*, No. W2004-00531-CCA-R3-CD, 2005 WL 1541850, at *2-3 (Tenn. Crim. App. June 23, 2005)(finding of probable cause where affidavit stated that a confidential informant "is known to affiant to have made a purchase of Schedule II crack cocaine from Defendant's residence from Defendant within the past 72 hours).

Additionally, the confidential informant's credibility is shown by the statement in the affidavit that the confidential informant had given past information that led to numerous arrests and convictions for methamphetamine. *See e.g., State v. Stephen Udzinski, Jr.*, No. 01C01-9212-CC-00380, 1993 WL 473308, at *3 (Tenn. Crim. App. Nov. 18, 1993)("Thus an affidavit which recited that an informant had previously given law-enforcement information that led to the discovery of a murder weapon or a shipment of cocaine would sufficiently establish the informant's reliability."). Defendant complains that the affidavit did not provide specific details about how the confidential informant knew what methamphetamine was, the relationship between the confidential informant and Defendant, or the precise location of the methamphetamine inside the house. However, this court has held that "[t]he requisite volume or detail of information needed to establish the informant's credibility is not particularly great." *State v. Lowe*, 949 S.W.2d 300, 305 (Tenn. Crim. App. 1996); *See also State v. Sales*, 393 S.W.3d 236, 240 (Tenn. Crim. App. 2012).

The trial court was correct in denying Defendant's motion to suppress. Defendant is not entitled to relief on this issue.

## CONCLUSION

Based on foregoing analysis, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE